# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRANDI ABTS,

    Plaintiff(s),

v.

JUDGE RONALD J. ISRAEL, et al.,

    Defendant(s).

Case No. 2:25-cv-01382-CDS-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1.

**I.    *In Forma Pauperis* Application**

Plaintiff filed an affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 1) will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff brings suit against two state court judges based on allegations regarding state court litigation. Docket No. 1-1. Plaintiff alleges that the judges "acted jointly" with opposing counsel[1] and/or were biased against Plaintiff in ruling against Plaintiff in the state court proceedings. *See, e.g.*, Docket No. 1-1 at 11. Plaintiff appealed within the state court system, and the Nevada Court of Appeals has affirmed *See id.* at 4; *see also Abts v. Arnold-Abts*, 558 P.3d 1212 (Nev. App. Nov. 7, 2024).

Judges enjoy broad immunity from civil claims regarding their judicial conduct. As explained by the Ninth Circuit:

> Anglo-American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process. This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors. Judicial immunity

---

[1] Plaintiff filed a separate lawsuit against opposing counsel. *See Abts v. Marr*, Case No. 2:25-cv-01377-GMN-EJY (D. Nev. July 28, 2025).

> discourages collateral attacks on final judgments through civil suits, and thus promotes the use of appellate procedures as the standard system for correcting judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review.

*Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal citations and quotations omitted).

In light of Defendants' entitlement to judicial immunity, Plaintiff's claims in the complaint fail. Although it appears Plaintiff cannot cure this deficiency, Plaintiff will be afforded an opportunity to file an amended complaint if this deficiency can be corrected.

### III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff will have until **August 21, 2025**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: July 31, 2025

                                                _____
Nancy J. Koppe
United States Magistrate Judge