UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANDI ABTS,

    Plaintiff,

v.

JUDGE RONALD J. ISRAEL, et al.,

    Defendants.

Case No. 2:25-cv-01382-CDS-NJK

**REPORT AND RECOMMENDATION**

On July 31, 2025, the Court screened Plaintiff's complaint and dismissed it with leave to amend. Docket No. 3. Plaintiff filed an amended complaint.[1] Docket No. 8.

**I.   BACKGROUND**

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. to proceed *in forma pauperis*. On July 28, 2025, Plaintiff filed a complaint and application to proceed *in forma pauperis*. Docket No. 1. Plaintiff is attempting to bring suit against Judge Ronald J. Israel and Judge Joseph Hardy, Jr. for rulings made "while acting in [their] official judicial capacity." Docket No. 1-1 at 7. On July 31, 2025, the Court entered an order granting Plaintiff's application to proceed *in forma pauperis* and affording Plaintiff an opportunity to file an amended complaint if deficiencies in the original complaint could be corrected. Docket No. 3. The Court explained that "[j]udges enjoy broad immunity from civil claims regarding their judicial conduct. … In light of Defendants' entitlement to judicial immunity, Plaintiff's claims in the complaint fail." *Id.* at 2-3. On September 10, 2025, Plaintiff filed an amended complaint. Docket No. 8.

**II.   STANDARDS**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Judges enjoy broad immunity from civil claims regarding their judicial conduct. As explained by the Ninth Circuit:

> Anglo-American common law has long recognized judicial immunity, a sweeping form of immunity for acts performed by judges that relate to the judicial process. This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is flawed by the commission of grave procedural errors. Judicial immunity

2

>  discourages collateral attacks on final judgments through civil suits, and thus promotes the use of appellate procedures as the standard system for correcting judicial error. Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review.

*Curry v. Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (citation modified).

## III.    SCREENING

The Court previously explained to Plaintiff that "[i]n light of Defendants' entitlement to judicial immunity, Plaintiff's claims in the complaint fail." Docket No. 3 at 3. Nonetheless, Plaintiff once again attempts to brings claims against two state court judges for actions taken "within the scope of their official duties." Docket No. 8 at 4. Plaintiff alleges that the judges "acted jointly" with opposing counsel[2] and/or were biased against Plaintiff in ruling against Plaintiff in the state court proceedings. *See* Docket No. 8 at 9–13. Plaintiff appealed within the state court system, and the Nevada Court of Appeals affirmed the lower court's decision. *See Abts v. Arnold-Abts*, 558 P.3d 1212 (Nev. App. Nov. 7, 2024). In short, Plaintiff has not cured the deficiencies in the original complaint.

In the instant complaint, Plaintiff cites to *Dennis v. Sparks*, 449 U.S. 24 (1980), for the proposition that "[j]udicial immunity does not shield judges acting outside their judicial function or in conspiracy with private individuals." Docket No. 8 at 10. However, this argument is inapplicable in this context because *Dennis* clearly states that, "[j]udges are immune from § 1983 damages actions, but they are subject to criminal prosecutions as are other citizens." 449 U.S. at 31 (citing *O'Shea v. Littleton*, 414 U.S. 488, 503 (1974)). Further, *Dennis* explains that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." 449 U.S. at 27 (citing *Supreme Ct. of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 734–35 (1980)). The instant complaint attempts to bring damages claims under § 1983 for allegations regarding state court litigation. *See* Docket No. 8. These claims fall squarely under the protection of judicial immunity. The deficiencies in Plaintiff's amended complaint therefore cannot be cured.

---

[2] Plaintiff filed a separate lawsuit against opposing counsel. *See Abts v. Marr*, No. 2:25-cv-01377-GMN-EJY (D. Nev. July 28, 2025).

## IV. CONCLUSION

For the reasons discussed above, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: September 22, 2025

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).