UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Brandi Abts,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Judge Ronald J. Israel, et al.,<br><br>　　　　　　Defendants | Case No. 2:25-cv-01382-CDS-NJK<br><br>**Order Overruling Plaintiff's Objection and Adopting Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 9, 10] |

　　　　Plaintiff Brandi Abts brings this civil-rights action against Judge Ronald J. Israel and Judge Joe Hardy, two state court judges. Compl., ECF No. 1-1. Because Abts applied to proceed *in forma pauperis*, United States Magistrate Judge Nancy J. Koppe screened Abt's complaint. Judge Koppe found that because the defendants are entitled to judicial immunity, Abts's claims fail. Order, ECF No. 3. However, given the liberal policy toward amendment, Abts was afforded an opportunity to cure this deficiency in an amended complaint. *Id.* Abts amended her complaint. Am. compl., ECF No. 8. Judge Koppe now recommends that I dismiss the amended complaint with prejudice because Abts cannot state a claim against Nevada state court judges as they are immune from suit. R&R, ECF No. 9. Abts objects to the dismissal of her claims. Obj., ECF No. 10. Having conducted a de novo review, I accept the R&R and dismiss Abts's claims with prejudice.

**I.　　Standard of review**

　　　　Where a party objects to a magistrate judge's findings and recommendations, the court "shall make a de novo determination of those portions of the report which objection is made." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also* Local Rule IB 3-2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The standard of review applied to the unobjected-to portions of the report and recommendation is left to the

district judge's discretion. *Reyna-Tapia*, 328 F.3d at 1121 (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise").

## II.     Discussion

In her amended complaint, Abts alleges that Judge Israel violated her right to due process and equal protection under the Fourteenth Amendment by setting aside a previously entered default judgment. Am. compl., ECF No. 8 at 11. She further alleges that Judge Hardy acted "with a[n] intent to harm [her] legal position" and that his conduct "violated [her] Constitutional rights guaranteed under the Fourteenth Amendment." *Id.* at 12. The magistrate judge recommends that I dismiss the amended complaint because Abts did not cure the deficiencies in the original complaint. R&R, ECF No. 9. Judge Koppe reasoned that state court judges acting in their official capacity are immune from suit under 42 U.S.C. § 1983. *Id.* at 3.

Abts objects, first arguing that immunity "does not extend to actions taken in bad faith, with clear bias or in a conspiracy with a private party to deprive a litigant of their rights." ECF No. 10 at 2. She cites *Stump v. Sparkman*, 435 U.S. 349 (1978), and *Dennis v. Sparks*, 449 U.S. 24 (1980), in support of this contention. *Id.* at 6. However, Abts reliance on these cases is misplaced. As Judge Koppe noted in the R&R, *Dennis* explains that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." ECF No. 9 at 3 (citing *Dennis*, 449 U.S. at 27) (citation omitted)). In *Stump*, the Supreme Court found "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" 435 U.S. at 356–357 (citing *Bradley v. Fisher*, 80 U.S. 335 (1872)). Judges are generally immune from suit, not merely damages, for actions taken in connection with cases before them, even if such actions were taken in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (upholding judicial immunity in § 1983 action even in face of allegations of bad faith or malice); *see also Pierson v Ray*, 386 U.S. 547, 554 (1967) (explaining

that immunity applies even when the judge is accused of acting maliciously and corruptly.). Abts's amended complaint makes no allegation that the defendants acted outside of their role as a judge, or outside their jurisdiction, so they are immune from suit as a matter of law and cannot be sued under 42 U.S.C. § 1983.

Next, Abts objects to Judge Koppe's recommendation of dismissal with prejudice. Abts argues that the first amended complaint clarifies and strengthens her civil rights claims therefore the case should proceed to the discovery phase. ECF No. 10 at 2–3. However, Abts's claims cannot proceed as they fail as a matter of law. "Judges lose their immunity only for actions not taken in a judicial capacity, or judicial actions taken in the complete absence of any jurisdiction." *Ateser v. Bopp*, 1994 U.S. App. LEXIS 18014, *14 (9th Cir. 1994) (citing *Mireles*, 502 U.S. at 11–12). Indeed, the amended complaint offers no plausible theory on how either exception to immunity—clear absence of jurisdiction or non-judicial acts—could apply here. As the defendants are clearly immune from suit for their alleged acts, amendment would be futile. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Sparling v. Daou* (*In re Daou Sys.*), 411 F.3d 1006, 1013 (9th Cir. 2005) (internal quotation marks and citation omitted); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (explaining leave need not be granted where the amendment of the complaint would constitute an exercise in futility). So I find that Judge Koppe's recommendation of dismissal with prejudice is appropriate.

Abts third objection largely rehashes and relitigates the allegations made in her original and amended complaints. *Compare* ECF No. 10 at 3–4, *with* ECF No. 1-1 at 11, *and* ECF No. 8 at 13. When objections like these are merely repeated and they are "considered and found to be insufficient," no review is required since the objection "do[es] not meaningfully dispute the magistrate judge's findings and recommendations." *Trejo Perez v. Madden*, 2020 WL 1154807, at *1 (E.D. Cal. Mar. 10, 2020). Thus, I decline to consider Abts's objection here.

Last, Abts states that the magistrate judge failed to address her conspiracy claims under 42 U.S.C. § 1985(3). ECF No. 10 at 5. Though not clearly alleged in the amended complaint, Abts apparently intends to asserts a claim under 42 U.S.C. § 1985(3), alleging that the defendants' conspired to interfere with her constitutional rights. In the objection, Abts argues that she has "presented specific facts that demonstrate a pattern of coordination between the judges . . . that harmed [her]." *Id.* A review of the amended complaint reveals that Abts did not properly allege a violation under § 1985(3),[1] yet this does not save Abts's claims from dismissal because amendment would be futile. It is well established that state court judges are immune from suit for actions taken in their official capacity. *See Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). And I find that the magistrate judge did not err in her analysis of Abts's amended complaint.

In sum, each of Abts's objections are overruled. Contrary to Abts's arguments, Judge Koppe has not committed a mistake or misapplied the law. I agree with the magistrate judge's recommendation that Abts's claims must be dismissed with prejudice on immunity grounds. I therefore accept the R&R in its entirety.

### III. Conclusion

IT IS HEREBY ORDERED that Abts's objection **[ECF No. 10] is overruled**, therefore, the magistrate judge's report and recommendation **[ECF No. 9] is accepted and adopted in full**. This case is dismissed with prejudice.

The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case. No other documents may be filed in this now-closed case.

Dated: October 16, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] To establish a § 1985(3) conspiracy claim, a plaintiff must show that the alleged conspirators were motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Abts's amended complaint does not allege discrimination and is also devoid of facts indicating that she is a member of a protected class.